UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMA MORRIS, | No. 2:14-cv-1353 LKK CKD PS |
| Plaintiff, | |
| v. | ORDER AND |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

    Pending before the court is plaintiff's motion to remand.  Upon review of the documents in support and opposition, and good cause appearing, THE COURT FINDS AS FOLLOWS:

    Plaintiff filed the instant action in the Superior Court of California, County of Alpine. The complaint alleges nine causes of action against defendants, including specific performance, breach of contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, fraud for false promise, violation of California Business and Professions Code § 17200 et seq., cancellation of instruments, and injunctive relief.  The action was removed to this court on June 4, 2014.  The removal petition alleges removal is proper as "[p]laintiff's [c]omplaint and the claims contained therein arise from a question of federal law." ECF No. 1 at 3:15-16.  The removal petition further alleges that "[r]emoval based upon federal question jurisdiction is proper when HAMP violations are asserted."  Id. at 3:20-21.  Plaintiff

1

moves to remand the action to state court on the ground that the complaint alleges only state causes of action and that therefore the action was improvidently removed.

"Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 472 (1998). "Arising under" jurisdiction may exist "where the vindication of a right under state law necessarily turn(s) on some construction of federal law." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986), citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983). Where, as here, only state-law claims are asserted in a complaint, a claim arises under federal law if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); Gunn v. Minton, 133 S.Ct. 1059, 1065 (2013).

Federal jurisdiction is proper only in those cases where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that ... [a] claim is 'really' one of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983); see also Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (under substantial federal question doctrine, defendant seeking to remove a case in which state law creates plaintiff's cause of action must establish that plaintiff's right to relief necessarily depends on a question of federal law and that the question of federal law is substantial). Such circumstances are a "special and small category." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir.1992) (internal quotations omitted); see also Geographic Expeditions, Inc. V. Estate of Lhotka ex rel Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). Courts should resolve doubts as to removability in favor of remanding the case to state court. See Takeda v. Northwestern Nat'l. Life Ins. Co., 765 F.2d 815, 818 (9th Cir.1985) (district courts must generally construe removal statutes strictly against removal and resolve any uncertainty in

2

favor of remanding the case to state court).

Defendants contend plaintiff's claims arise under federal law because the complaint alleges violations of the Home Affordable Modification Program ("HAMP").[1] A careful review of the complaint demonstrates that although plaintiff frequently references HAMP, the gravamen of her complaint is that she entered into an oral and written contract to modify her loan and defendants' breached that contract and engaged in other fraudulent conduct with respect to the modification of the loan.  The references to HAMP throughout the complaint simply serve as background information as to how the alleged contract to modify was entered into by the parties. As noted by several courts, a substantial question of federal law is not presented merely because a plaintiff's state law claim incorporates allegations of HAMP violations.  See generally Easton v. Crossland Mortgage Corporation, 114 F.3d 979, 981 (9th Cir.1997) (despite references to federal law in complaint, case remanded for lack of a federal question; court considered that plaintiffs sought remedies founded exclusively on state law instead of federal law, plaintiffs had not exhausted administrative remedies necessary for a federal claim and plaintiffs' actions following removal clarified their intent to assert only state claims); see also Garnett v. Aurora Loan Serv., LLC, 2012 WL 1440920, at *2 (C.D. Cal. Apr.25, 2012) (no federal question presented simply because some of  state law claims incorporate or turn upon allegations of HAMP violations); Fischer v. GMAC Mortg. LLC, 2012 WL 2524266 (C.D. Cal. June 27, 2012) ( Carlos v. Bank of Am. Home Loans, et al., 2011 WL 166343, at *1 (C.D.Cal. Jan.13, 2011); Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D.Cal. Mar.18, 2011).

Defendants have not met their burden of establishing that the claims presented are of the "small and special category" of cases which raise a substantial federal question though they are

---

[1]  Under the Troubled Asset Relief Program ("TARP"), the Secretary of the Treasury was directed to "implement a plan that seeks to maximize assistance for homeowners and ... encourage the servicers of the underlying mortgages ... to take advantage of ... available programs to minimize foreclosures." Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 556 (7th Cir. 2012) (quoting 12 U.S.C. § 5219(a)).  "Pursuant to this instruction, the Treasury Department in 2009 started the HAMP program to incentivize banks to refinance mortgages of distressed homeowners so they could stay in their homes." Corvello v. Wells Fargo Bank, N.A., 728 F.3d 878, 880 (9th Cir. 2013).

embedded in a state law claim. The mere fact that the loan modification in question arose out of a federal program and may implicate federal regulations is insufficient to reach the level of substantiality to support the exercise of federal jurisdiction. Federal question jurisdiction was lacking at the time of removal.[2] The motion to remand should therefore be granted.

Accordingly, IT IS HEREBY ORDERED that pending final resolution of the motion to remand, this action is stayed; and

IT IS HEREBY RECOMMENDED that:

1. The motion to remand (ECF No. 6) be granted; and

2. This action be remanded to the Superior Court of California, County of Alpine.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 11, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 morris-deutsche.rem

---

[2] Because this court finds that removal was improper, the action will be stayed pending the District Court's resolution of the findings and recommendations entered herein.